■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BLACKWELL, Appellant.—Judgment, Supreme Court, New York County (Sheldon S. Levy, J.), rendered June 13, 1985, convicting defendant, after a jury trial, of grand larceny in the third degree, three counts of criminal possession of stolen property in the second degree and three counts of criminal

possession of stolen property in the third degree and sentencing him, as a predicate felony offender, to a term of 2 to 4 years on the grand larceny conviction, 2 to 4 years on each of the second degree possession counts, to run concurrently with each other but consecutively to the sentence for grand larceny, and a definite term of one year on each of the third degree possession convictions, to run concurrently with all other counts, unanimously affirmed.

The evidence at the suppression hearing was inadequate to establish either actual or constructive knowledge on the part of the arresting officer that, at the time of his arrest as a pickpocket, defendant was represented by counsel on a pending, unrelated felony charge *(see, People v Bertolo,* 65 NY2d 111, 119). Defendant's further claim that the grand larceny and possession of stolen property originating from the theft for which he was originally arrested were improperly consolidated with the possession charges arising from the stolen credit cards, subsequently found in his possession, is likewise without merit. Defendant having failed to move below to sever the now-objected-to counts, the issue has not been preserved for our review. In any event, defendant does not and could not object to the joinder of the larceny and possession charges which precipitated his arrest, as they were based on the same criminal transaction. Since the original possession charges were properly joined with the subsequent possession charges as being defined by the same or similar statute (CPL 200.20 [2] [c]), no prejudice is evident, particularly in light of the overwhelming evidence of guilt on all charges. Concur—Murphy, P. J., Kupferman, Ross, Asch and Kassal, JJ. *[See,* 128 Misc 2d 599.]